SLIP OP. 05-14

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: RICHARD K. EATON, JUDGE

_____

|  |  |  |
|---|---|---|
| JINFU TRADING CO, LTD., | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| V. | : | COURT NO. 04-00597 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| DEFENDANT, | : | |
| | : | |
| AND | : | |
| | : | |
| SIOUX HONEY ASSOCIATION AND AMERICAN | : | |
| HONEY PRODUCERS ASSOCIATION, | : | |
| | : | |
| DEFENDANT-INTERVENORS. | : | |

_____:

[Plaintiff's partial consent motion for preliminary injunction granted]

January 31, 2005

*Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP* (*Adam M. Dambrov* and *Bruce M. Mitchell*), for plaintiff Jinfu Trading Co, Ltd.

*Peter D. Keisler*, Assistant Attorney General, Civil Division, United States Department of Justice; *David M. Cohen*, Director, *Jeanne E. Davidson*, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stefan Shaibani*) for defendant United States.

*Collier, Shannon, Scott, PLLC* (*Jennifer E. McCadney* and *Michael Joseph Coursey*), for defendant-intervenors Sioux Honey Association and American Honey Producers Association.

MEMORANDUM OPINION

EATON, *Judge*: Before the court is the motion of plaintiff, Jinfu Trading Co, Ltd., for a

preliminary injunction pursuant to 19 U.S.C. § 1516a(c)(2) (2000), and USCIT R. 7 and 56.2(a)

to enjoin the  liquidation of any unliquidated entries of the subject merchandise[1] during the

pendency of this antidumping action.[2]  Defendant-Intervenors, Sioux Honey Association and

American Honey Producers Association, do not object to plaintiff's motion.  The United States,

on behalf of the Department of Commerce, consents to the granting of the motion, but objects to

"the duration of [plaintiff's] proposed preliminary injunction."[3]

The objected-to language in plaintiff's proposed order would enjoin liquidation "pending

a final and conclusive court decision in this litigation, including all appeals and remand

proceedings . . . ."[4]  Pl.'s Proposed Order at 1.  Thus, while not objecting to the issuance of an

---

[1]     The subject merchandise is honey from the People's Republic of China ("P.R.C.") which was: (1) the subject of the administrative determination, Honey from the P.R.C., 69 Fed. Reg. 64,029 (ITA Nov. 3, 2004) (final results); (2) exported to or imported into the United States by Jinfu Trading Co. and Jinfu Trading (USA), Inc., and was entered or withdrawn from a warehouse for consumption during the period December 1, 2002, through May 31, 2003.  Pl.'s Proposed Order at 1.

[2]     *See* Plaintiff's Complaint contesting the United States Department of Commerce's finding in Honey from the People's Republic of China, 69 Fed. Reg. 64,029 (ITA Nov. 3, 2004) (final notice and final rescission).  Compl. at 6–8.

[3]         "We respectfully oppose the duration of Jinfu's proposed preliminary injunction because this term is ambiguous and certain courts have, incorrectly, we believe, concluded that similar language has extended the duration of preliminary injunctions beyond the entry of a final judgment by the [Court of International Trade]."

Def.'s Br. at 1.

[4]     This language apparently is adapted from the Judgment Order in *Corus Staal BV v. United States*, 28 CIT __, slip. op. 04-132 (Oct. 19, 2004) (not published in the Federal Supplement), which reads

injunction, defendant objects to the issuance of an injunction that extends beyond the final judgment in this court.  The position of the United States is consistent with that taken in previous cases that have been the subject of several recent, well-reasoned opinions.  *See, e.g.*, *Corus Staal BV*, 28 CIT at __, slip op. 04-132 at 1–3; *PAM, S.p.A. v. United States*, 28 CIT __, __, slip op. 04-66 at 11–15 (June 10, 2004) (not published in the Federal Supplement); *SKF USA Inc. v. United States*, 28 CIT __, __, 316 F. Supp. 2d 1322, 1333–35 (2004); *Yancheng Baolong Biochem. Prods. Co. v. United States*, 27 CIT __, __, 277 F. Supp. 2d 1349, 1358–60 (2003).

These cases all hold that a preliminary injunction of this Court, issued pursuant to 19 U.S.C. 1516a(c)(2) (2000), may extend through all appeals.  *See, e.g.*, *Corus Staal BV*, 28 CIT at __, slip op. 04-132 at 3 ("there is nothing in the statute which limits the court's discretion in fashioning an injunction appropriate to the case[,] and the preliminary injunction law of the various circuits . . . which might indicate a preliminary injunction terminates with the conclusion of litigation in the trial court, does not apply to the special statutory injunction at issue.").

Defendant makes no argument that has not been raised in these previous cases, and makes no factual distinction from these previous cases that would require the court to reach a different

---

that defendant, the United States, together with the delegates, officers, agents, servants, and employees of the United States Department of Commerce and the United States Bureau of Customs and Border Protection, shall be, and hereby are, enjoined, during the pendency of this litigation (including all relevant appeals and remands), from liquidation or causing or permitting liquidation of any unliquidated entries of hot-rolled carbon flat steel from the Netherlands . . . .

*Corus Staal BV*, slip op. 04-132 (J. Order at 1).

result.

Therefore, in order to fully protect plaintiff's rights, and in the interest of judicial economy, plaintiff's proposed order granting an injunction of liquidation will be entered.

    /s/Richard K. Eaton    
Richard K. Eaton

Dated: January 31, 2005
          New York, New York